# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **K.P.**

**No. 25-225** (Hardy County CC-16-2023-JA-39)

## MEMORANDUM DECISION

Petitioner Father S.P.[1] appeals the Circuit Court of Hardy County's March 3, 2025, order terminating his parental rights to K.P., arguing that the court erred in terminating his post-dispositional improvement period and terminating his parental rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The proceedings began with allegations against other adult respondents that are irrelevant to the resolution of the petitioner's appeal. Regarding the petitioner, the DHS filed a third amended petition in November 2023 alleging that he failed to provide the child with stable housing and financial and emotional support. The petitioner filed a written stipulation in which he admitted to homelessness and his failure to pay child support. The circuit court accepted the petitioner's stipulation at a hearing in January 2024 and adjudicated him of abusing and neglecting the child. Following adjudication, the petitioner filed a motion for a post-adjudicatory improvement period, which the circuit court denied. Nevertheless, the court ordered the DHS to provide the petitioner with services, including parenting and adult life skills classes.

Thereafter, the petitioner filed a motion for a post-dispositional improvement period. The court granted this motion at a hearing in April 2024. The terms of the petitioner's improvement period required him to, among other things, participate in parenting and adult life skills classes, maintain housing and employment, participate in therapy, and refrain from all illegal activities. In July 2024, the court held a status hearing, during which it was reported that the petitioner was inconsistent with services and had tested positive for methamphetamine on several occasions. Following the hearing, the DHS filed a motion to terminate the petitioner's improvement period because of his ongoing failure to participate in services and eleven drug screens that were positive for methamphetamine. In September 2024, the court held a hearing on the DHS's motion and terminated the petitioner's improvement period upon evidence that he tested positive for

---

[1] The petitioner appears by counsel Jeremy B. Cooper. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Lee Niezgoda. Counsel Joyce E. Stewart appears as the child's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

methamphetamine more than twenty times, failed to comply with services, and engaged in domestic violence with the mother. Ultimately, the court held a final dispositional hearing in February 2025, during which it took notice of the evidence and rulings from the prior hearing to terminate the petitioner's improvement period and heard testimony from a Child Protective Services worker. Based on the evidence, the court found that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect in the near future. Citing the child's need for continuity in care and caretakers and the amount of time required to be integrated into a stable home, the court also found that the child's welfare required termination of the petitioner's parental rights. Accordingly, the court terminated the petitioner's parental rights to the child.[3] The petitioner appeals from the dispositional order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner first asserts that the circuit court erred in terminating his post-dispositional improvement period because he partially participated in its terms and conditions. We disagree. According to West Virginia Code § 49-4-610(7), "[u]pon the motion by any party, the court shall terminate any improvement period . . . when the court finds that respondent has failed to *fully participate* in the terms of the improvement period." (Emphasis added). The petitioner does not dispute that he failed to fully participate in the terms of the improvement period, as he recognizes that he failed a large number of drug screens while the improvement period was ongoing. The record further shows that the petitioner engaged in domestic violence with the mother and failed to participate in other services. As such, the court did not abuse its discretion in terminating the petitioner's improvement period. *See In re A.B.*, No. 16-0653, 2016 WL 6837997, at *3 (W. Va. Nov. 21, 2016) (memorandum decision) ("[I]t is . . . within the court's discretion to terminate the improvement period . . . if the court is not satisfied that the [parent] is making the necessary progress." (quoting Syl. Pt. 2, *In re Lacey P.*, 189 W. Va. 580, 433 S.E.2d 518 (1993))).

Finally, the petitioner argues that the circuit court erred in terminating his parental rights, as he asserts that additional time for improvement could have resulted in the correction of the issues for which he was adjudicated. However, the same evidence discussed above supports the circuit court's finding that there was no reasonable likelihood that the petitioner could correct the issues of abuse and neglect. As the circuit court found, the petitioner was incapable of correcting the issues given his ongoing substance abuse, perpetration of domestic violence, and failure to fully participate in the improvement period. *See* W. Va. Code § 49-4-604(d)(3) (establishing that there is no reasonable likelihood that conditions of abuse and neglect can be corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of the child."). Further, we have stressed that "[c]ourts are not required to exhaust every speculative possibility of parental improvement" before terminating parental rights. *In re Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4. (quoting Syl. Pt. 1, in part, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). While the petitioner believes that additional time would have allowed him to correct the

---

[3] The court also terminated the mother's parental rights to the child. The permanency plan for the child is adoption.

issues, the court had ample evidence upon which to base the findings necessary for termination, including that termination was necessary for the child's welfare, a finding the petitioner does not challenge on appeal. Circuit courts are permitted to terminate parental rights upon these findings. *See* W. Va. Code § 49-4-604(c)(6) (permitting termination of parental rights upon finding there is no reasonable likelihood the conditions can be corrected and when necessary for the child's welfare).

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 3, 2025, order is hereby affirmed.

Affirmed.

**ISSUED**: March 24, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

3